In the Matter of LINCOLN CROMWELL et al., Individually and as Copartners Doing Business under the Name of WILLIAM ISELIN & Co., Petitioners, against SPENCER E. BATES et al., Constituting the STATE TAX COMMISSION, Respondents. — Proceeding under article 78 of the Civil Practice Act transferred to this court by order of Special Term, Albany County. The petitioners bring up for review a final determination of the State Tax Commission affirming assessments of unincorporated business tax levied in the years 1938, 1939 and 1940 against the petitioners' partnership, William Iselin & Co. In 1932, James W. Cromwell, a limited partner in a predecessor firm of William Iselin & Co., sold his interest as a limited partner to Llynwillann Corp. Pursuant to written partnership agreements in force during the tax years involved, the special capital account of Llynwillann Corp. was transferred to the successor partnerships as an "investment of special capital" upon which Llynwillann Corp., was to receive each year 3% interest. It was agreed that the "investment of special capital" should be liable for all debts of the William Iselin & Co. partnership and that there should be no personal liability on the part of any of the partners to repay it. It is the payments of 3% interest which the petitioners seek to deduct as payments of interest on a debt owed to Llynwillann Corp. The respondents found that the 3% payments were profits paid to a limited partner and not deductible as a business expense in determining tax liability. As the "investment of special capital" was subordinated to the rights of general creditors and subject to risk of loss, the finding of the respondents is justified. William Iselin & Co. was a partner in another partnership known as Iselin Jefferson Company which carried on business within and without New York State and which annually distributed all of its income to its partners. Iselin Jefferson Company was permitted to allocate on its unincorporated business tax return that percentage of its total gross income derived from sources within New York State. The respondents have determined that the entire distributive share of partnership income received by William Iselin & Co. from the Iselin Jefferson Company constituted gross income within the meaning of section 386-d of the Tax Law, except for an exclusion in 1938 under the law then in force of income upon which Iselin Jefferson Company had already paid a tax. The petitioners contend that William Iselin & Co. should not be taxed upon that portion of its distributive share of partnership income which Iselin Jefferson Company earned outside of New York State. As William Iselin & Co. and Iselin Jefferson Company were separate taxable entities and as there is no proof that William Iselin & Co. as a taxable entity carried on business without New York State, the determination of the respondents is correct. Determination unanimously confirmed, with $50 costs. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.